IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE J. SANDERS, JR., <br> AIS #263280, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) <br> ) | CIVIL ACTION NO. 2:09-CV-771-ID <br> [WO] |
| M. P. MYRICK, et al., | ) <br> ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which George J. Sanders, Jr. ["Sanders"], an indigent state inmate, challenges the constitutionality of actions undertaken with respect to his arrest on November 5, 2008 for robbery and capital murder. Sanders also complains Judge Sharon Yates, a judge for the District Court of Montgomery County, Alabama, violated his constitutional rights when she referred his cases to the grand jury for possible indictment and conspired with the other defendants to undertake such action.

Upon thorough review of the amended complaint, the court concludes that Sanders' claims against Judge Yates are due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[1]

---

[1] The court granted Sanders leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3.* A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

## I. DISCUSSION

### A. The Request for Monetary Damages

Sanders complains Judge Yates deemed the evidence presented at the preliminary hearing sufficient to refer his cases to the Grand Jury of Montgomery County, Alabama. *Plaintiff's Amended Complaint - Court Doc. No. 41* at 3. It is clear the allegations made by Sanders against Judge Yates emanate from actions taken by this defendant in her judicial capacity during state court proceedings over which she had jurisdiction. These actions are neither ministerial nor administrative. The law is well established that a state judge is "entitled to absolute judicial immunity from damages for those acts taken while ... acting" pursuant to her judicial authority. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Accordingly, Sanders' claims for monetary damages against Judge Yates are "based on an indisputably meritless legal theory" and are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

## B. Declaratory Relief

Sanders alleges there is no viable evidence to support the criminal charges pending against him. *Plaintiff's Amended Complaint - Court Doc. No. 41* at 3 (During the preliminary hearing, "neither one of the robbery victims took the witness stand and testified before the defendant (Yates) that plaintiff's co-defendants or plaintiff invaded their home and robbed them....").[3] To the extent disposition of the plaintiff's claims would require issuance of declaratory relief regarding the decision entered by Judge Yates referring his cases to the grand jury, such relief is not warranted in this cause of action.

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, Sanders has an adequate remedy at law because he may pursue his federal constitutional issues challenging the sufficiency of the evidence through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Sanders may attack the sufficiency of the evidence throughout the on-

---

[3] In a document filed by on January 21, 2010 (Court Doc. No. 52-2), the law enforcement defendants advise that an indictment has been issued against Sanders.

going state criminal proceedings, including pre-trial motions and post-conviction proceedings. Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Sanders will endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Sanders' claims which challenge the constitutionality of the criminal charges pending before the Grand Jury of Montgomery County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of those claims which would necessarily involve imposition of declaratory relief regarding the pending criminal charges is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. The Conspiracy Claim

Sanders alleges Judge Yates conspired with the other named defendants "to have him binded over to the Grand Jury of Montgomery County for an indictment on his (7x) First Degree Robbery charges and (1) Felony Murder charge ... since neither one of the robbery victims or the defendant (Myrick) testified at plaintiff's preliminary hearing ... that he had committed either one of the offenses." *Plaintiff's Amendment to the Complaint - Court Doc. No. 54* at 3. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint and

amendments thereto. At best, the assertions made by Sanders relative to a purported conspiracy are self-serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy among the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "string[ing] together" relevant actions, "without showing contacts between the parties" which demonstrate the parties "reached an understanding" to violate plaintiff's rights, is insufficient to adequate plead existence of a conspiracy). Other than his specious allegations, Sanders presents nothing, nor can this court countenance the existence of any evidence, which would indicate Judge Yates entered into a conspiracy to deprive Sanders of his constitutional rights during the proceedings related to his preliminary hearing.

In light of the foregoing, the court concludes that Sanders' bare allegation of a conspiracy between the defendants during the state court proceedings is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. This claim against Judge Yates is therefore subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims presented against Judge Sharon Yates be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

2. The plaintiff's challenges to the constitutionality of the criminal charges pending against him before the Grand Jury of Montgomery County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case, with respect to the plaintiff's claims challenging the constitutionality of his arrest and the actions taken against him during the arrest, be referred back to undersigned for additional proceedings.

It is further

ORDERED that on or before February 16, 2010 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of February, 2010

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE